
Artis-Ray: Cash, Jr.
453 South Spring Street
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

TOMIO B. NARITA (SBN 156576)
Tomio.Narita@wbd-us.com
MICHELLE F. CATAPANG (SBN 308038)
Michelle.Catapang@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for Defendant
Cavalry Portfolio Services, LLC,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTIS-RAY: CASH, JR., <br><br> Plaintiff, <br><br> vs. <br><br> CAVALRY PORTFOLIO SERVICES, LLC, <br><br> Defendant. | CASE NO.: 2:24-cv-09738-PA-E <br><br> HONORABLE PERCY ANDERSON <br><br> **JOINT RULE 26(F) REPORT** |

    Plaintiff Artis-Ray: Cash, Jr. ("Plaintiff"), and Defendant Cavalry Portfolio Services, LLC ("Defendant") respectfully submit the following Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

# JOINT RULE 26(F) REPORT:

## A. Synopsis of the Case, Claims and Defenses.

**Plaintiff's Position:**

Plaintiff asserts claims against Defendant under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. Plaintiff alleges that Defendant violated the FCRA by obtaining Plaintiff's consumer report without a permissible purpose under 15 U.S.C. § 1681b(f). Plaintiff also alleges that Defendant violated the FDCPA by using false representations or deceptive means to obtain Plaintiff's consumer report in violation of 15 U.S.C. § 1692e(10). Plaintiff seeks actual, statutory, and punitive damages, alleging invasion of privacy, emotional distress, and other harms as a result of Defendant's conduct.

**Defendant's Position:**

The Complaint includes claims against Defendant under the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. § 1681 *et seq*., and the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. Specifically, Plaintiff alleges that Defendant violated section the FCRA and FDCPA by obtaining Plaintiff's consumer report without a permissible purpose. *See* Dkt. 1, ¶¶ 32, 38. Defendant denies Plaintiff's claims and denies that Plaintiff has Article III standing to pursue his claims. Even if Plaintiff had standing, his claims would fail on the merits. Defendant had a permissible purpose for obtaining Plaintiff's consumer report under sections 1681b(a)(3)(A) and 1681b(a)(3)(E) of the FCRA. Plaintiff did not suffer any actual damages as a result of Defendant's alleged conduct, and he is not entitled to statutory or punitive damages because Defendant's alleged conduct was not willful.

///
///
///

**B. Synopsis of Principal Legal Issues in the Case.**

**Plaintiff's Legal Issues:**

1. Whether Defendant violated the FCRA by accessing Plaintiff's consumer report without a permissible purpose under 15 U.S.C. § 1681b(f).

2. Whether Defendant's actions constitute a violation of the FDCPA under 15 U.S.C. § 1692e(10).

3. Whether Plaintiff suffered actual damages as a result of Defendant's conduct.

4. Whether Defendant's actions were willful, entitling Plaintiff to statutory and punitive damages.

**Defendant's Legal Issues:**

The initial legal issue is whether Plaintiff has standing to sue under Article III of the United States Constitution. If this Court determines that Plaintiff has Article III standing, this Court must determine whether Cavalry had a "permissible purpose" for obtaining "consumer report information" about Plaintiff under section 1681b(a) of the FCRA. If the Court determines there has been a violation of the FCRA, the Court must determine whether Plaintiff has suffered actual damages. Lastly, the Court must determine whether Defendant's actions were willful in connection with Plaintiff's claim for statutory and punitive damages.

**C. Additional Parties or Amendment of Pleadings.**

**Joint Position:**

The parties do not anticipate filing any motions to add parties or amend pleadings, but reserve the right to do so as appropriate. The parties request that the Court establish a deadline for amending the pleadings as specified in the attached proposed case schedule.

///
///
///

3

WBD (US) 4897-8990-0816

### D. Contemplated Law and Motion.

**Plaintiff's Position:**

Plaintiff anticipates filing motions to compel discovery if necessary and reserves the right to file additional motions, including for summary judgment.

**Defendant's Position:**

Defendant anticipates filing a motion for summary judgment, or partial summary judgment. Defendant reserves the right to file other motions as appropriate, including but not limited to, motions *in limine*.

### E. Initial Disclosures, Discovery, and Experts.

**Plaintiff's Position:**

Plaintiff will provide initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Plaintiff anticipates propounding written discovery requests and may seek expert testimony regarding the invasion of privacy and emotional distress caused by Defendant's conduct.

**Defendant's Position:**

Defendant will provide initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. Neither party has propounded written discovery. Defendant anticipates serving written discovery and taking Plaintiff's deposition. Defendant does not propose any modifications to the discovery deadlines established under the Federal Rules of Civil Procedure.

### F. Trial Estimate.

**Joint Position:**

The parties estimate 1 day for a jury trial.

### G. Complexity of Case.

**Joint Position:**

This is not a complex case.

WBD (US) 4897-8990-0816

## H. Evidence Preservation

**Joint Position:**

The parties do not anticipate any evidence preservation issues.

## I. Severance, Bifurcation or Other Ordering of Proof.

**Joint Position:**

The parties do not propose severance, bifurcation, or other ordering of proof at this time.

## J. Proposed Pre-Trial and Trial Dates.

**Plaintiff's Position:**

The parties were unable to reach agreement on a proposed trial and pre-trial schedule, and therefore submit competing proposed schedules. Plaintiff's proposed schedule is attached as **Exhibit A** hereto.

**Defendant's Position:**

Defendant's proposed schedule is attached as **Exhibit B** hereto.

## K. Magistrate Judge.

**Joint Position:**

The parties do not consent to the appointment of a magistrate judge from the Court's Voluntary Consent List.

## L. Settlement / Alternative Dispute Resolution.

**Plaintiff's Position:**

Plaintiff is open to settlement discussions and proposes mediation through the Court's ADR program.

**Defendant's Position:**

The parties have engaged in settlement discussions but have not yet reached agreement. Defendant remains willing to engage in good faith settlement discussions. Defendant proposes panel mediation under the Court's ADR procedures.

WBD (US) 4897-8990-0816

**M. Other Issues Affecting Case Management.**

**Plaintiff's Position:**

None.

**Defendant's Position:**

Defendant filed a Notice of Related Cases on December 14, 2024 (*see* Doc. No. 11) in which Defendant noted that there were the following related cases filed by Plaintiff in this district court which all relate to items allegedly appearing on a single credit report:

a) *Artis-Ray: Cash, Jr. v. Absolute Resolutions Investments, LLC*, United States District Court Central District of California, 2:24-cv-09093-WLH-MAA, filed 10/22/24;

b) *Artis-Ray: Cash, Jr. v. Maximus, Inc.*, United States District Court Central District of California, 2:24-cv-09094-RGK-AS, filed 10/22/24;

d) *Artis-Ray: Cash, Jr. v. Diverse Funding Associates, LLC*, United States Central District of California, 2:24-cv-10354-WLH-SK, filed 12/2/24;

e) *Artis-Ray: Cash, Jr. v. Velocity Portfolio Group, Inc.*, United States Central District of California, 2:24-cv-10357-JFW-MAA, filed 12/2/24;

Dated: February 6, 2025    By: /s/ Artis Ray Cash Jr
Artis-Ray: Cash, Jr.
Plaintiff in Pro Per

Dated: February 6, 2025    WOMBLE BOND DICKINSON (US) LLP
TOMIO B. NARITA
MICHELLE F. CATAPANG

By: */s/ Michelle F. Catapang*
Michelle F. Catapang
Attorneys for Defendant Cavalry Portfolio Services, LLC,

WBD (US) 4897-8990-0816

     Pursuant to L.R. 5-4.3.4(a)(2), I, Michelle F. Catapang hereby certify that the content of this Joint Rule26(f) Report is acceptable to all parties who are required to sign this report. All parties have authorized me to affix the CM/ECF signatures to this document.

                                              By: */s/ Michelle F. Catapang*
                                              Michelle F. Catapang

WBD (US) 4897-8990-0816

# EXHIBIT A - PLAINTIFF'S PROPOSED SCHEDULE

## Proposed Schedule

1. **Trial**:
   **August 5, 2025**
   Duration Estimate: 1 day

2. **Final Pretrial Conference (FPTC)**:
   **July 1, 2025** (4 weeks before trial)

3. **Amended Pleadings and Addition of Parties Cut-Off**:
   **March 5, 2025** (90 days after scheduling conference, assuming February 2025 scheduling)

4. **Non-Expert Discovery Cut-Off**:
   **May 20, 2025** (7 weeks before the FPTC; shortened to save time)

5. **Motion Cut-Off (Filing Deadline)**:
   **May 27, 2025** (6 weeks before FPTC)

6. **Initial Expert Disclosure and Report Deadline**:
   **June 3, 2025** (5 weeks before FPTC)

7. **Rebuttal Expert Disclosure and Report Deadline**:
   **June 17, 2025** (3 weeks before FPTC)

8. **Expert Discovery Cut-Off**:
   **June 24, 2025** (2 weeks before FPTC)

9. **Settlement Conference Completion Date**:
   **June 18, 2025** (3 weeks before FPTC)

10. **Motions in Limine Filing Deadline**:
    **June 24, 2025** (2 weeks before FPTC)

11. **Opposition to Motion in Limine Filing Deadline**:
    **July 1, 2025** (1 week before FPTC)

# EXHIBIT B - DEFENDANT'S PROPOSED SCHEDULE

Case No. 2:24-cv-09738-PA-E

Case Name: *Artis-Ray: Cash, Jr. v. Cavalry Portfolio Services, LLC*

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL** [ ] Court [x] Jury<br><br>Duration Estimate: Parties estimate 1 day. | December 9, 2025<br><br>(Tuesday)[3] | 9:00 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br><br>4 wks before trial | November 11, 2025<br><br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | May 26, 2025 |
| Non–Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | August 5, 2025 |
| Motion Cut-Off (filing deadline) | at least 13 wks before FPTC | August 12, 2025 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | September 9, 2025 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | October 7, 2025 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | October 21, 2025 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | October 14, 2025 |
| Motions in Limine Filing Deadline | at least 3 wks before FPTC | October 21, 2025 |
| Opposition to Motion in Limine Filing Deadline | at least 2 wks before FPTC | October 28, 2025 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | | N/A |

---

[3] Trials commence on Tuesdays. Final pretrial conferences are held on Tuesdays.